IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-02559-CMA-SKC

LAURI LITTLEWOOD,

    Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORP.,

    Defendant.

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

---

    This matter is before the Court on Plaintiff Lauri Littlewood's Motion for Leave to Amend (Doc. # 26). Plaintiff seeks to amend her complaint to address deficiencies asserted by Defendant Novartis Pharmaceuticals Corp. ("Novartis") in its Motion to Dismiss (Doc. # 17), which is currently pending before the Court. Specifically, Plaintiff seeks to add allegations demonstrating that she exhausted her administrative remedies for her claims under Title VII of the Civil Rights Act of 1964, the Colorado Public Health Emergency Whistleblower Law ("PHEW"), and the Colorado Anti-Discrimination Act ("CADA"). In addition, Plaintiff seeks to add a single additional factual allegation relating to her termination. The parties have submitted a Joint Motion (Doc. # 30) to stay briefing on Novartis's Motion to Dismiss, acknowledging that if Plaintiff's Motion for Leave to Amend is granted, the Motion to Dismiss will be rendered moot. For the following reasons, the Court grants Plaintiff's Motion for Leave to Amend.

## I.     DISCUSSION

Under Federal Rule of Civil Procedure 15(a), after a responsive pleading has been served, a party "may amend its pleading only with the opposing party's written consent or the court's leave." The Court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). The purpose of Rule 15(a) is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (citation and internal quotation marks omitted). Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the Court's wide discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *3 (D. Colo. Sept. 14, 2011).

When determining whether to allow amendment of a complaint, courts typically consider several factors: whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, whether the request was offered in good faith, and whether the party has had sufficient opportunity to state a claim and has failed. *See State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). Potential prejudice to a defendant is the most important factor in determining whether a plaintiff should be permitted to amend the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). However, courts typically find prejudice only when the proposed amendments unfairly affect the defendants in terms of preparing their defense to the amendments. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, [undue prejudice] occurs when the amended claims arise out of a subject

matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

In this case, Novartis filed its Motion to Dismiss without conferring with Plaintiff, thus failing to comply with this Court's practice standards. (Doc. # 17 at 1); *see* CMA Civ. Practice Standard 7.1D(a). In moving to dismiss, Novartis argues, in part, that Plaintiff failed to exhaust administrative remedies for her claims under PHEW and CADA. (Doc. # 17 at 6–7). By requesting leave to file her proposed Second Amended Complaint, Plaintiff seeks to address these deficiencies. Plaintiff advises that Novartis agrees that her proposed Second Amended Complaint will remedy Novartis's argument relating to Plaintiff's exhaustion of her administrative remedies under PHEW; however, Novartis does not agree that the proposed amendment will remedy Novartis's argument relating to exhaustion under CADA. (Doc. # 26 at 5.)

Upon reviewing the record, the Court finds that amendment will not cause Novartis undue prejudice. Plaintiff's proposed Second Amended Complaint (Doc. # 26-1) does not "arise out of a subject matter different from what was set forth in the complaint" or "raise significant new factual issues." *Minter*, 451 F.3d at 1208. Rather, Plaintiff's Motion seeks to (1) address the pleading deficiencies relating to exhaustion identified by Novartis in its Motion to Dismiss and (2) add a single additional factual allegation. Moreover, if this Court were to grant Novartis's Motion to Dismiss on the basis that Plaintiff failed to exhaust her administrative remedies or failed to state a claim, the Court would provide Plaintiff an opportunity to amend her complaint before

3

dismissing her claims. Therefore, denial of the instant Motion for Leave to Amend would lead to a circuitous waste of judicial resources.

The Court also cannot conclude that Plaintiff's Motion was unduly and inexplicably delayed. Plaintiff filed her Motion for Leave to Amend within the deadline to respond to Novartis's Motion to Dismiss and seeks to correct the pleading deficiencies outlined therein. The Scheduling Order in this case set March 7, 2022, as the deadline for amendment of pleadings, and Plaintiff's Motion is therefore timely. (Doc. # 29 at 6.)

Accordingly, the Court concludes that it is appropriate to grant Plaintiff's Motion and permit her leave to amend her complaint.

## II. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Motion for Leave to Amend (Doc. # 26) is GRANTED;
- Plaintiff shall file a clean version of the Second Amended Complaint by February 2, 2022;
- accordingly, Defendant's Motion to Dismiss (Doc. # 17) is DENIED WITHOUT PREJUDICE; and
- the parties' Joint Motion to Stay Defendant's Reply in Support of Its Motion to Dismiss (Doc. # 30) is DENIED AS MOOT.

DATED:  January 27, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4