IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.1:21-cv-02559-CMA-SKC

LAURIE LITTLEWOOD,

    Plaintiff.

  v.

NOVARTIS PHARMACEUTICALS CORP.,

    Defendant.

**THIRD AMENDED CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Lauri Littlewood, by and through the undersigned counsel, files this Third Amended Civil Complaint and demand for jury trial against Defendant Novartis Pharmaceuticals Corporation for violation of the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d).

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction of this case under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and pursuant to 28 U.S. Code § 1331.

2. This Court has personal jurisdiction over Defendant because it has substantial business contacts with and conducts business in this federal judicial District.

1

3. Venue properly lies within this District under 28 U.S. Code § 1391(b)(2) as the unlawful employment practices committed by the Defendant occurred in this District.

## PARTIES

4. Plaintiff Lauri Littlewood is a resident of Fort Collins, Colorado, and worked as an executive sales representative at Novartis until her termination on or about December 10, 2020.

5. Defendant Novartis Pharmaceuticals Corporation is a Delaware corporation that conducts business in the State of Colorado.

## FACTUAL ALLEGATIONS

6. Littlewood is a 54-year-old female with twenty-five years of experience in pharmaceutical sales.

7. On or about April 2015, Novartis hired Littlewood to serve as an executive cardiovascular sales representative to sell a heart failure medication called Entresto.

8. Littlewood worked from her home in Fort Collins, Colorado for Novartis as an executive sales representative, and her job required her to travel to hospitals in her territory, including Wyoming, Nebraska, and Colorado.

9. Novartis conducts employee evaluations on a scale of 1 to 3, with 3 being the highest rating; this highest rating is given to about 10 to 15% of sales representatives.

10. Evaluations consist of two categories: performance, which includes meeting sales goals, and values and behaviors, which includes an assessment of collaboration, innovation, courage, performance, and integrity.

11. In 2019, Novartis rated Littlewood a "2.2" in her employee evaluation. Littlewood was always rated a 2 or better for values and behaviors.

12. On or about December 10, 2020, Novartis, through John Gatrell, Littlewood's direct supervisor, terminated Littlewood for purported poor performance.

13. In the trimester prior to Littlewood's termination, Novartis rated Littlewood as its second-highest seller in the nation out of hundreds of salespeople.

14. On or about September 24, 2020, Littlewood had the highest goal attainment when compared with other salespeople in the region.

15. In or about August 2020, Gatrell sent an email to his sales district highlighting Littlewood's performance by stating "Lauri is on fire at +31.2%," referring to Littlewood's high performing sales territory.

16. Littlewood was not rated below a 1 for two consecutive periods and was never issued a performance improvement plan.

17. Littlewood did not receive a performance evaluation for 2020.

18. On the same date as Littlewood's termination, Novartis, through Gatrell, also fired Josh Zuieback, Littlewood's counterpart.

19. Littlewood and Zuieback were counterparts, meaning they held the same job title, serviced the same territory, sold the same drug, and had the same sales goals. Their positions were "mirror" images of one another.

20. After Novartis terminated Littlewood and Zuieback, Littlewood learned she was paid approximately $20,000 a year less than Zuieback, in base salary, for performing the exact same job as Zuieback.

21. Littlewood held a higher rank than Zuieback for sales and had been employed at Novartis for approximately one year longer than Zuieback.

22. Novartis paid Zuieback a higher base salary than Littlewood because Littlewood is a woman and Zuieback is a male.

## COUNT I
### Discrimination in Violation of the
### Equal Pay Act of 1963,
### 29 U.S.C. § 206(d)

23. Littlewood incorporates the allegations in the foregoing paragraphs as though alleged herein.

24. At all relevant times herein, 29 U.S.C. § 206(d) was in full force and effect.

25. Littlewood is an "employee" as the term is defined at 29 U.S.C. § 203.

26. Novartis is an "employer" as the term is defined at 29 U.S.C. § 203.

27. Novartis violated the EPA by paying Littlewood less than her male counterpart for doing the same job.

28. Littlewood has suffered damages as a result of Novartis' unlawful actions.

29. For Novartis's willful violations of the EPA, Littlewood is entitled to such legal or equitable relief as will effectuate the purposes of the EPA, including but not limited to back pay, liquidated damages, reasonable attorney's fees, interest on all damages, and any other relief that this Court deems just and equitable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lauri Littlewood respectfully requests that the Court enter judgment in her favor and award to her the following relief.

A. Judgment against the Defendant Novartis in the amount of economic damages and liquidated damages;

B. Pre-judgment interest;

C. Equitable relief;

D. Interest due on unpaid wages;

E. Reasonable attorneys' fees and the costs of this action, and

F. Any other relief this Honorable Court deems just and proper to award.

## **JURY DEMAND**

Plaintiff demands a jury for all issues to be so tried.

Respectfully submitted,

/s/ John T. Harrington
R. Scott Oswald
John T. Harrington
The Employment Law Group, P.C.
1717 K St., NW, Ste. 1110
Washington, D.C. 20006-5345
(202) 261-2830
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com
*Counsel for Plaintiff Lauri Littlewood*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the October 13, 2022, a true and correct copy of the Lauri Littlewood's Third Amended Civil Complaint was served via CM/ECF upon:

M. Scott McIntyre, Esq.
Baker & Hostetler LLP
 312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
(513) 929-3400
smcintyre@bakerlaw.com
Counsel for Defendant

*Attorneys for Defendant*

/s/ *John T. Harrington*
John T. Harrington