**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.1:21-cv-02559-CMA-SBP

LAURIE LITTLEWOOD,

        Plaintiff,

  v.

NOVARTIS PHARMACEUTICALS CORP.,

        Defendant.

**PLAINTIFF LAURI LITTLEWOOD'S OPPOSITION TO DEFENDANT NOVARTIS PHARMACEUTICAL CORPORATION'S MOTION FOR SANCTIONS**

### I.    INTRODUCTION

Plaintiff Lauri Littlewood, by and through the undersigned counsel, submits this Opposition to Defendant Novartis Pharmaceuticals Corp.'s Motion for Sanctions. Dkt. No. 73. The Court should deny Novartis's Motion in its entirety because Novartis has failed to demonstrate that sanctions are appropriate under Federal Rule of Civil Procedure Rule 37(e). Instead, Novartis misstates the law in an effort to find support for a claim that any inadvertent and unintentional loss of relevant text messages automatically warrants terminal sanctions.

Moreover, Novartis's motion should be denied because Littlewood made a significant good faith attempt to preserve and produce all relevant electronic records. The text messages were not lost due to any action taken by Littlewood, as she was not even aware that an automatic purging function existed on her cellphone until several

1

days prior to her deposition when she attempted to search for text messages she had already produced to Novartis.

## II.    FACTUAL BACKGROUND

On September 21, 2021, Littlewood filed a complaint under the Equal Pay Act of 1963 alleging Novartis paid her less than her male counterpart, Mr. Zuieback. (Dkt. No. 1). Littlewood searched her records, electronic and hard copies, for any documents relevant to her claims. Exhibit 1, Deposition of Lauri Littlewood at 329:17-330:10. Littlewood then produced in January 2022 all non-privileged text messages on her cell phone that were responsive to Novartis' Requests for Production Nos. 7 and 8.[1] Littlewood never deleted or destroyed any documents or communications that were relevant to her claims against Novartis.[2] Exhibit 1 at 329:17-330:10.

Littlewood for the first time discovered that her cellphone "was set to only save texts for a year" on or around September 23, 2022, while looking for a text thread on her cellphone that she previously produced to Novartis prior to her deposition scheduled for the following week. Exhibit 1 at 69:14-71:8. She discovered at that moment that text messages between January 2021 and September 21, 2021, were missing from her

---

[1]    Those requests respectively sought "all documents concerning any communications between Littlewood and any current or former officer, employee, or agent of Defendant concerning any of the allegations in the Amended Complaint," and "all documents concerning any communications between Littlewood and any other third-party (other than Littlewood's counsel) concerning Littlewood's employment with Defendant and/or claims against Defendant." ECF No. 60-3 at 8-9.

[2]    Novartis mischaracterizes and misstates Littlewood's deposition testimony by averring in its motion that Littlewood allegedly admitted she never received any litigation hold notice from her attorney and admitted that the first time she realized she was legally obligated to preserve documents was during the deposition itself.

2

phone. The lost texts included daily communications between Littlewood and her co-workers, including Mr. Zuieback. Exhibit 1 at 69:14-17; ECF No. 60-4 at 69. On September 26, 2022, Littlewood promptly informed Novartis about the inadvertent deletions during her deposition. Exhibit 1 at 69:14-71:8.

After Littlewood promptly informed Novartis about the deletion, Novartis asked Littlewood on November 9, 2022, to produce her cellphone for a forensic examination. Exhibit 2 at 7. Littlewood initially declined to produce her cellphone to Novartis, but on November 16, 2022, Littlewood informed Novartis that she had retained a third-party forensic inspection company, Complete Discovery Source, Inc. (CDS) to secure, collect, and preserve all data on her cellphone. On December 7, 2022, Littlewood informed Novartis in response to a request for an update on the forensic report that the data from the cellphone was being processed and an imaging report would be sent once completed. Exhibit 2 at 8. Novartis demanded that same day that Littlewood turn over her personal cellphone to Novartis by December 9, 2022. Exhibit 2 at 7-8. Novartis also advised Littlewood that it would contact the Magistrate Judge if Littlewood did not tender her personal cellphone to it. Littlewood promptly sent Novartis a copy of the invoice for the forensic inspection in response and provided Novartis with a summary of the data retrieved. *See* Exhibit 2 at 6-7. Littlewood also reported that the data collected from her cellphone was substantial and would need to be reviewed for any privileged or irrelevant information prior to being produced to Novartis.

On January 3, 2023, Novartis again demanded that Littlewood tender her cellphone to Novartis for forensic inspection no later than January 9, 2023. Exhibit 2 at

3

6. On January 6, 2023, Littlewood provided Novartis a complete and unredacted copy of all data retrieved from Littlewood's cellphone by CDS. *See* Exhibit 2 at 4. Littlewood also provided a declaration from CDS reporting that it was not able to retrieve text messages dating between January 2021 and September 21, 2021, that the phone had automatically deleted. *See* Exhibit 3. Nevertheless, Novartis sought and obtained an order from the Court compelling Littlewood to produce her iPhone for a second forensic examination, this time by Novartis's contractor. Dkt. No. 69.[3]

The Court held in its order that the lost text messages are "unquestionably relevant evidence and should have been preserved." Dkt. No. 69 at 6. However, the Court declined to address whether any sanction is warranted under Fed. R. Civ. P. 37(e)(1) nor whether Littlewood "failed to take reasonable steps to preserve that relevant evidence." *Id*. (internal citation omitted). Rather, the Court in its Amended Order on Motion to Compel assumed that "since Ms. Littlewood became aware of the one-year auto-deletion feature in September 2022, she has fulfilled her obligation to preserve and produce to Novartis all relevant information from her iPhone." Dkt. No. 70 at 8.

Littlewood produced her cellphone to Interhack, Novartis's contractor, for forensic inspection in compliance with the Court's Order. Interhack's forensic report, dated August 10, 2023, stated there were no native messages on Littlewood's iPhone from January 8, 2020, to September 21, 2021. *See* Exhibit 4, Interhack's initial report dated

---

[3]   This Court issued an amended Order on July 13, 2023, correcting a discrepancy regarding the date of the auto-deleted texts from January 8, 2020, to September 21, 2021. Dkt. 70 at 7.

4

August 10, 2023. The oldest native message included in the data extraction was from September 23, 2021. *Id*. The report further stated that Littlewood's iPhone message retention setting was previously changed. *Id*. Interhack attempted a second inspection focusing on remote backups from Littlewood's iCloud accounts, but this effort failed to retrieve any automatically deleted messages. Novartis then filed a motion for sanctions on September 19, 2023, which Littlewood opposes for the reasons below. Dkt. No. 73.

### III.   ARGUMENT

#### A. Novartis fails to show that spoilation is warranted under Rule 37(e).

A movant seeking sanctions for spoliation must meet a burden of proof by a preponderance of evidence. *Ernest v. Lockheed Martin Corp.*, 2008 WL 2945608, at *1 (D. Colo. July 28, 2008) (*citing In re Krause*, 367 B.R. 740, 764 (D.Kan. 2007)). Novartis misrepresents the law in its motion by arguing a standard not applicable to this case. Dkt. No. 73 at 5 (citing *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007)). Fed. R. Civ. P. Rule 37(e) governs the imposition of sanctions when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost." *See id.*; *see also Equal Emp. Opportunity Comm'n v. JetStream Ground Servs., Inc.*, 878 F.3d 960, 965 (10th Cir. 2017). Rule 37(e) "acts as a safe harbor for any electronically stored information that may have been overwritten." *Fatpipe Networks India Ltd. v. XRoads Networks, Inc.*, No. 2:09-CV-00186-DN, 2015 WL 12778633, at *2 (D. Utah Sept. 22, 2015). The Rule requires a consideration of whether "a party failed to take reasonable steps to preserve [digitally stored information]" *in addition to* the factors laid out in *Burlington*. R. Civ P. 37(e). The Rule's

5

Advisory Committee noted that courts "should be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts; some litigants, *particularly individual litigants*, may be less familiar with preservation obligations than others who have considerable experience in litigation." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment (emphasis added).

Novartis provided no evidence that Littlewood's behavior was unreasonable. Novartis misrepresents Littlewood's testimony to claim "the first time she had gone to look for such messages was the Friday before her deposition." Dkt. No. 73 at 2. However, Littlewood searched her phone for these messages in January 2022, in prompt response to Novartis's productions requests. Exhibit 1 at 15:23-20:13. Littlewood searched for any communications relevant to her claims and produced all relevant and non-privileged text messages from her cell phone on January 20, 2022. *Id*. Littlewood and her counsel were unaware that her phone had auto-delete functionality and that it was deleting messages automatically when they were more than a year old. *Id* at 69:14-71:8.

On or around September 23, 2022, Littlewood discovered that her phone "was set to only save texts for a year" when she searched for a text thread that she had previously produced to Novartis. *Id.* at 69:14-71:8. Littlewood promptly informed Novartis about the auto-deletion on September 26, 2022, during her deposition. *Id.* at 69:14-71:8. Interhack's findings in its initial report dated August 10, 2023, did not find who or when the message retention settings were changed. Exhibit 4, Interhack's initial

6

report dated August 10, 2023, at 3. Novartis failed to proffer any evidence that Littlewood unreasonably prevented her phone from preserving such messages.

Expecting an individual like Littlewood to be aware of discrete functions of the phone—such as auto-delete—and to actively manage those functions would be unreasonable, especially given "the ever-increasing volume of electronically stored information and the multitude of devices that generate such information." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. Novartis, in essence, argues that an individual plaintiff should be sanctioned if any of her devices had any function unknown to her that overwrote any relevant document, which is exactly what Rule 37(e) was revised to avoid.

### B. The Court should not grant Novartis's requested sanctions because the requested sanctions are overly broad.

Novartis asks this Court to enter an order precluding Plaintiff's testimony as it relates to: "1) whether any pay decision occurring from January 8, 2020, to the conclusion of Plaintiff's employment was based upon sex; 2) whether her position was similar to her sole comparator's position, and 3) whether any decision regarding her pay was willful or not." Dkt. No. 73 at 9. As this testimony is central to Littlewood's case, Novartis is effectively asking for an order precluding Littlewood from proving her claims. Novartis further requests this Court award "costs & fees associated with the Motion to Compel & this Motion for Sanctions." *Id*.

As a general rule, the "two most important factors in determining spoilation sanctions are culpability of the offending party and actual prejudice to the other party." *McGee v. Pacheco*, 2021 WL 2104831, at *5 (D. Colo. May 25, 2021). Assuming, for

7

the sake of argument, that Novartis somehow met its burden of proof for sanctions, the Court should not grant Novartis's request for sanctions because the requested relief is effectively the end of Littlewood's claim and as such is overly broad compared to the *de minimis* prejudice, if any, that Novartis may actually have suffered.

1) **The Court should deny Novartis's request to exclude Littlewood's testimony**.

Novartis's request to exclude Littlewood's testimony would effectively preclude Littlewood from testifying concerning the substantive elements of her claims. However, Novartis fails to show how the inadvertently lost text messages would limit Novartis's ability to rebut Littlewood's testimony concerning any conversations among her coworkers. Although Littlewood sent texts to her co-workers on a "daily basis," such texts were not the entirety of the communication Littlewood had with her co-workers. Exhibit 1 at 69:16-17. For example, if Littlewood testified about an email conversation she had with her coworker regarding any pay decision from January 8, 2020, Novartis could rebut Littlewood's testimony by referencing the email communications themselves or the testimony of the involved coworker. The lost text messages would be redundant.

Novartis also fails to demonstrate how the lost text messages with her coworkers might have related to its own internal decision-making process regarding Littlewood's compensation. Instead, Novartis hypothesizes that Littlewood "could have expressed her own opinions about the raise with her other *co-workers*." Dkt. No. 73 at 7 (emphasis added). However, even if this hypothesis is indulged, the lost text messages would not shed light on how Novartis's decisionmakers determined how much Littlewood was paid from January 8, 2020, or whether such decision making was willful. Critically, Novartis's

8

decisionmakers' process for determining Littlewood's compensation was not memorialized by Littlewood's coworkers in any lost text messages.

Moreover, Novartis fails to acknowledge that many of the lost text messages are communications with or involving people still employed by Novartis. This court previously declined to impose a sanction when "emails existed and were deleted [but] these facts could be established through the testimony of those involved in the communications, through references to the deleted emails in other communications, through records from the e-mail system itself, or by way of various other forms of circumstantial evidence." *Wolff v. United Airlines, Inc.*, 2019 WL 4450255, at *5 (D. Colo. Sept. 17, 2019).

2) **The Court should deny Novartis's Request to award costs and fees associated with the Motion to Compel and this Motion for Sanctions**.

The Court should deny Novartis's request to award it costs and fees as Littlewood made good faith attempts to preserve relevant documents, produced documents per Novartis's requests, and cooperated with Novartis to attempt to remedy any unintentional spoilation. This scenario is distinguishable from cases Novartis cites in support of its request. In *Austin v. City of Denver*, this court awarded fees and costs because the nonmovant admitted to intentionally destroying the relevant record. *Austin v. City of Denver*, 2006 WL 8460351, at *6 (D. Colo. July 13, 2006). Similarly in *Murray v. Cars Collision Ctr. of Colorado*, LLC, the court awarded costs and fees when the employer's physical record was destroyed after it ignored multiple requests for production. *Murray v. Cars Collision Ctr. of Colorado*, LLC, 2005 WL 8171770, at * 2-3 (D. Colo. July 22, 2005).

"An award of costs serves both punitive and remedial purposes: it deters spoliation and compensates the opposing party for the additional costs incurred." *Austin v. City of Denver*, 2006 WL 8460351, at *6 (D. Colo. July 13, 2006). Imposing sanctions would not serve as an effective deterrent in this matter, as Littlewood did not intentionally delete any text messages.

## IV.     CONCLUSION

For the foregoing reasons, Novartis's Motion to Compel should be denied in its entirety.

Dated: October 24, 2023                               Respectfully submitted,


                                                                 /s/ John T. Harrington
R. Scott Oswald
John T. Harrington,
The Employment Law Group, P.C.
1717 K St., NW, Ste. 1110
Washington, D.C. 20006-5345
(202) 261-2830
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com
*Counsel for Plaintiff Lauri Littlewood*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2023, the foregoing deposition notice was sent via electronic mail to:

M. Scott McIntyre, Esq.
Baker & Hostetler LLP
 312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
(513) 929-3400
smcintyre@bakerlaw.com

Nathan Andrew Schacht, Esq.
BakerHostetler LLP
1801 California Street
Suite 4400
Denver, CO 80202
303-861-0600
Fax: 303-864-7805
nschacht@bakerlaw.com
*Counsel for Defendant*

By: /s/ John T. Harrington
John T. Harrington