**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02559-CMA-SP

LAURI LITTLEWOOD,

       Plaintiff,

  v.

NOVARTIS PHARMACEUTICALS CORP.,

       Defendant.

**DEFENDANT NOVARTIS PHARMACEUTICALS CORP.'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## I.     INTRODUCTION

Plaintiff's opposition does not raise a material issue of fact precluding summary judgment. Instead, Plaintiff relies on conclusory and self-serving statements from her own testimony and Mr. Zuieback's affidavit in an attempt to create an issue of fact where there is none. Defendant ("NPC") relied on several factors other than sex, including educational background, prior work experience, community involvement, prior salary, and prior job performance to determine Plaintiff's and Mr. Zuieback's salary. The undisputed material facts show that NPC relied on legitimate factors other than sex to determine their compensation, and NPC is entitled to summary judgment on Plaintiff's sole claim. No basis exists for a trial on these facts that would merely serve to second-guess the employer's business judgment.

## II.    STATEMENT OF UNDISPUTED FACTS AND PLAINTIFF'S OPPOSITION

While Plaintiff's opposition admits a significant number of NPC's material statements of fact, Plaintiff attempts to inappropriately oppose others in conclusory fashion. Rather than produce facts that refute the undisputed facts put forth by NPC, Plaintiff attempts to draw the Court's attention away to unrelated or irrelevant facts, or to self-serving statements made by Plaintiff or her former colleague and non-decision maker, Mr. Zuieback, through his declaration.

Plaintiff's opposition denies NPC's undisputed fact numbers 2, 7 (in part), 10, 11, 13, 14, 20 (in part), 24 (in part), 34, 41, 45, 46, 47 (in part), 48 (in part), 49, 50, 51 (in part),

1

52, 54 (in majority part), and 57. Plaintiff in self-serving fashion argues her own subjective beliefs about her former employer's decisions on recruiting and compensation. She wrongly argues she had better past work experience than her designated comparator, Mr. Zuieback, and should have received higher compensation than Zuieback, despite his Master's Degree that she lacked, his record of success by working 17 consecutive years at his previous employer Merck, a similar size competitor to NPC, while receiving numerous high level awards that justified his higher salary than Plaintiff. Conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence and will not create an issue of material fact. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

Moreover, Mr. Zuieback's (he is a friend of Plaintiff and former disgruntled NPC employee who asserted claims against NPC while represented by Plaintiff's same counsel[1]) declaration, Exhibit 12 cited in Plaintiff's opposition, are conclusory and self-serving in nature. As a result, the statements relied upon in his Affidavit to allegedly create disputed issues of fact for Plaintiff's opposition should not be considered. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991); *see also Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir.2006) (at summary judgment, "'statements of mere belief' in an affidavit must be disregarded") (quotation omitted); *Salguero v. City of Clovis*, 366 F.3d 1168, 1177 n.4 (10th Cir. 2004). This includes Plaintiff's denials in

---

[1] (Pl.'s Dep. p. 13: 10-16; 14:10-13).

2

Novartis' Undisputed Statement of Facts numbers 10, 20, 41, and 46.

### III. NOVARTIS' RESPONSES TO PLAINTIFF'S STATEMENT OF ADDITIONAL DISPUTED FACTS

1. Admitted in part. Although NPC reviewed what peers in a similar position are being paid as part of putting together an initial compensation offer at the time of hiring, NPC denies that this is the sole basis for determining compensation at the time of hire. NPC also considered, among other factors, the potential employee's prior experience, educational background and degrees, and market conditions and competitive compensation. Plf. Ex. 2, 24:12-25:9; Novartis Exs. 85-6 and 85-7.

2. Admitted.

3. Admitted.

4. Admitted, however this assertion is immaterial and irrelevant to Plaintiff's claim because Plaintiff's claim is based on her compensation when compared to Zuieback at the time of their respective hiring.

5. Admitted.

6. Admitted, however this assertion is immaterial and irrelevant to Plaintiffs claim because Plaintiff's claim is based on her compensation when compared to Zuieback at the time of their respective hiring, and Gatrell was not employed by NPC when either Plaintiff or Zuieback were hired and, thus, was not involved in deciding what compensation was initially provided to either at the time of hire, or why that compensation was provided. Plf. Ex. 10, 13:25-17:25.

3

7. Admitted, however this assertion is immaterial and irrelevant to Plaintiff's claim because Plaintiff's claim is based on her compensation when compared to Mr. Zuieback at the time of their respective hiring, and Vannaman was not employed by NPC when Plaintiff was hired and was not involved in deciding what compensation was initially provided to either Plaintiff or Zuieback at the time of hire, or why that compensation was provided. Plf. Ex. 9, 29:7-37:24.

8. Admitted with regard to Exhibits 5 and 6 standing on their own with regard to similarities. Denied, however, with regard to Vannaman's cited testimony. Vannaman further testified in undisputed fashion that Plaintiff and Zuieback were hired as follows: "That could be two different roles. So as I mentioned previously, Ms. Littlewood was hired in as a CV1 role who reported to a different manager, had different goals, different targets to sell on, where Mr. Zuieback was brought in as a CV2 role. So he called mainly on primary care, had a different manager, different goals, and a different territory footprint." Plf. Ex. 9, 60:21-61:4.

9. Admitted.

10. Admitted.

11. NPC admits that Plaintiff was not rated below a 2 for documented individual value and behavior components, but otherwise denies the characterization by Plaintiff in her assertion contained in her opposition. Plf. Ex. 8, RFA Response No. 5.

12. Denied in terms of Plaintiff's characterization of cited testimony. With regard to job

4

descriptions, NPC utilized generic job descriptions for multiple sales positions, but those generic job descriptions do not directly speak to similarities of the positions because there are different roles, territories, sales teams, targets, and the way job goals are applied, among other factors. Plf. Ex. 2, 113:3-118:2. With regard to Zuieback being Plaintiff's CV2 partner, although that is technically correct, the CV1 and CV2 roles are different, and Zuieback worked with Plaintiff when their territories overlapped, which was not all the time, and Zuieback, as a CV2, worked with other CV1 roles where their territories overlapped. Plf. Ex. 2, 105:13-106:8.

13. Admitted, but this assertion is based on Plaintiff's conclusory and self-serving testimony, which should not be considered to create an issue of material fact. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d at 875.

14. Denied. Plaintiff's cited testimony does not support the assertion stated.

15. NPC has no personal knowledge of Plaintiff's assertions and, therefore, no basis to dispute. Nonetheless, Plaintiff's cited testimony is conclusory and self-serving, which should not be considered to create an issue of material fact. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d at 875. Moreover, this assertion is immaterial and irrelevant, as there is no evidence indicating that this information was presented to NPC at the time of Plaintiff's hire or that it was considered by NPC at the time Plaintiff was hired and offered her compensation package.

16. Admitted.

5

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted, however, with regard to characterization, NPC denies, as job codes do not speak to similarities of positions. Plf. Ex 2, 113:17:114:9.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admit that Plaintiff testified that both male and female sales representatives at NPC raised a concern that compensation was being unfairly computed in 2018, which they claimed was unfairly impacting the entire Western Region for both men and women but deny that this was made with any support beyond her own self-serving testimony. Plf. Ex. 1, 119:13-121:6. Further admit that, according to Plaintiff's conclusory and self-serving testimony, Plaintiff raised concerns about how performance metrics were tabulated for both male and female sales representatives around the same timeframe, but deny that NPC took no action, and Plaintiff's proffered testimony does not provide any evidence of such assertion. *Id.* at 239:20-247:21. Any compensation issues that existed after her hiring impacted both men and women alike.

## IV. ARGUMENT

### A. Plaintiff Did Not Meet Her Burden to Prove a *Prima Facie* Case.

The Tenth Circuit does not construe the 'equal work' requirement of the EPA *prima*

6

*facie* case broadly, and it has stated that failure to furnish equal pay for 'comparable work' or 'like jobs' is not actionable. *Id.* Instead, in order to prevail, the jobs must be substantially equal in terms of skill, effort, responsibility, and working conditions." *Id.* When making this decision, the Court should not find an EPA violation for positions that are just "like or comparable work." *Keller v. Crown Cork & Seal USA, Inc.*, 491 Fed. Appx. 908, 912 (10th Cir. 2012). "[J]obs that are merely alike or comparable are not 'substantially equal' for purposes of the EPA." *Sprague*, 129 F.3d at 1364.

Plaintiff cannot prove her *prima facie* case and has not asserted disputed issues of material fact required to deny Novartis' Motion for Summary Judgment. Plaintiff's opposition contends that the jobs are alike/comparable, which does not equate to "substantially equal."  Plaintiff's and Zuieback's job titles were different (*see* Plaintiff's admission for Undisputed Material Fact ("UMF") 7), their sales territories differed (*see* UMF 16), Plaintiff and Zuieback had different responsibilities (*see* UMF 41), and Plaintiff and Zuieback were in different roles (see UMF 45).  Despite Plaintiff's unsupported, speculative, and conclusory statements, the two roles, while somewhat alike, were not "substantially similar" or equal, and, as a result, Plaintiff has not proven her *prima facie* case.  NPC is entitled to summary judgment.

**B.    Summary Judgment Should Also Enter in Novartis' Favor Because it Has Proven Multiple Affirmative Defenses.**

If, *arguendo*, Plaintiff has established a *prima facie* case, which NPC denies, NPC may show that the pay disparity was justified by "a differential ***based on any other***

7

***factor other than sex***." *Riser v. QEP Energy*, 776 F.3d 1191, 1198 (10th Cir. 2015) (quoting 29 U.S.C. § 206(d)(1)) (emphasis added). Plaintiff admits that NPC may obtain summary judgment on this basis. *See* Opposition, pages 16-17. This is dispositive here.

Plaintiff claims that NPC relies "exclusively" on two declarations provided by NPC employees who actually made the hiring decisions for Plaintiff and Mr. Zuieback. Indeed, NPC has put forth affidavits of these key decision makers (the critical witnesses involved in the compensation decisions at issue) for which Plaintiff has failed to create an issue of fact in Response. The two declarations from Jeremy Lawson (Ex. 7 to NPC's Motion for Summary Judgment) and Brenton "Brent" Eastabrooks (Ex. 6 to NPC's Motion) establish that no material disputed facts exist with regard to NPC's decision for why it provided the compensation it did to Plaintiff and Zuieback. At the time of Plaintiff's and Zuieback's hiring in separate years, Lawson held the position of Mountain States Area Business Leader-Cardiology, and Eastabrooks held the position of Associate Director of Human Resources Business Partner ("HRBP"). As both testified, they were directly involved in hiring and setting compensation for Plaintiff and Zuieback. These affidavits as based on personal knowledge and involvement in the hiring and compensation setting for both individuals, are critical to explain the respective compensations. It would be error to disregard these affidavits which establish NPC's basis for its compensation decisions. *See Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1314-15 (10th Cir. 2006).

Plaintiff's opposition focuses on her and her friend Zuieback's[2] subjective beliefs that Plaintiff was allegedly more experienced and superior in terms of her qualifications so that she should have been paid a higher salary, similar to Zuieback. However, Plaintiff's and Zuieback's subjective beliefs do not speak to why NPC decided to pay Plaintiff what it did. NPC's basis for making its business decisions based on Zuiback's undisputed past education, experience, and performance are what matters here and subjective beliefs are insufficient to survive summary judgment. *Kelley v. Goodyear Tire and Rubber Co.*, 220 F.3d 1174, 1177-78 (10th Cir. 2000).

The uncontroverted evidence shows that NPC viewed Zuieback as having greater experience in the industry, including with its comparably sized competitor Merck where he was employed for 17 consecutive years, which showed commitment and demonstrated success -- including winning numerous top sales awards there and where he held board leadership positions in the community -- **and held an advanced degree, specifically a Master of Business Administration, which NPC valued and which Plaintiff simply lacked.** Plaintiff cites no law holding that NPC cannot rely on these facts to justify the difference in pay. Plaintiff admits Zuieback's Master's Degree and leadership in the local Colorado community organizations and his impressive past experience and awards that she lacked. As detailed in NPC's Motion, these are all

---

[2] Zuieback never worked as a manager at NPC and his self-serving views after filing his own claims against NPC in support of his friend's claims should be rejected as irrelevant.

9

legitimate grounds for Zuieback's salary and dispositive to entitle NPC to summary judgment. Moreover, contrary to Plaintiff's argument, nothing in the cases cited in NPC's Motion, specifically *Pinkard* and *Casalina*, require any particular level of prior experience or educational background to establish an EPA defense.

Plaintiff relies solely on non-binding Ninth Circuit law contrary to Tenth Circuit standards. Under Tenth Circuit law, NPC relied on Mr. Zuieback's prior higher salary at Merck, along with his experience, MBA educational background, local community involvement, and other credentials to determine his salary when he joined and worked at NPC. *Angove v. Williams-Sonoma, Inc.*, 70 F. App'x 500, 508 (10th Cir. 2003). Pursuant to the undisputed material facts, this is exactly what NPC did. To be clear, Zuieback was recruited from a competitor of NPC where he had a higher base salary and was foregoing both a merit increase and bonus, compared to Plaintiff who was working at a very small Pensacola apothecary company with a lower base salary than Zuieback. DiCicco Corp. Depo, 50: 14-18; 61:13-20; 62:7-12; J. Lawson Decl. ¶ 14. Zuieback also had significant leadership experience with local Colorado community organizations, as well as his 17 consecutive years' experience at Merck, that NPC valued, and that Plaintiff lacked. J. Lawson Decl. ¶ 12. All of these factors resulted in higher pay for Zuieback due to his credentials, community involvement, and prior salary. *Id*. at ¶¶ 10-15. Defendant is entitled to summary judgment.

### V. CONCLUSION

Based on the foregoing, Novartis is entitled to summary judgment.

Respectfully submitted this 23rd day of January 2024.

        BAKER & HOSTETLER LLP

        */s/ M. Scott McIntyre*
        M. Scott McIntyre
        312 Walnut Street, Suite 3200
        Cincinnati OH 45202-4074
        Telephone: 513.852.2622
        Facsimile: 513.929.0303
        Email: smcintyre@bakerlaw.com

        Nathan A. Schacht, Bar No. 42580
        1801 California Street, Suite 4400
        Denver, CO 80202-2662
        Telephone: 303.764.4029
        Facsimile: 303.861.7805
        Email: nschacht@bakerlaw.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed with the Court via the CM/ECF system, which will send notice to counsel for Plaintiff:

John Thomas Harrington, Jr.
Robert Scott Oswald
The Employment Law Group, P.C.
1717 K Street, N.W., Suite 1110
Washington, DC 20006
Telephone: 202-261-2830
Facsimile: 202-261-2835
Email: tharrington@employmentlawgroup.com
        soswald@employmentlawgroup.com

*Attorneys for Plaintiff*

                                              */s/ M. Scott McIntyre*
                                              M. Scott McIntyre