IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02559-CMA-SBP

LAURI LITTLEWOOD,

Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORP.,

Defendant.

# [PROPOSED] FINAL PRETRIAL ORDER

## 1. DATE AND APPEARANCES

The Final Pretrial Conference is scheduled for April 29, 2024, at 9:30 a.m. in Courtroom C205 before the Honorable Magistrate Judge Susan B. Prose.

**Counsel for Plaintiff**:


**Counsel for Defendant Novartis Pharmaceuticals Corp.**:

M. Scott McIntyre
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati OH 45202-4074
Telephone: (513) 852-2622

Nathan A. Schacht
Baker & Hostetler LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 764-4029

## 2. JURISDICTION

Jurisdiction is proper pursuant to the Equal Pay Act of 1963, 29 U.S.C. Section 206(d)

and pursuant to 28 U.S. Code Section 1331. Defendant does not contest subject matter jurisdiction.

### 3. CLAIMS AND DEFENSES

<u>Plaintiff</u>:

<u>Defendant</u>: Defendant denies that it paid Plaintiff unlawfully on the basis of her sex in violation of the Equal Pay Act, 29 U.S.C. Section 206(d) (the "EPA"). To the contrary, Plaintiff and the comparator she alleges were paid based on numerous legitimate, non-discriminatory factors other than sex. Moreover, the decisions related to Plaintiff's pay were non-discriminatory and based upon legitimate reasons and carried out in the good-faith exercise of Defendant's business judgment. Defendant similarly has in place policies against discrimination, including based on pay, which provide reasonable, effective and available procedures for handling complaints, which provide for prompt and effective responsive action, and Plaintiff unreasonably failed to take advantage of those opportunities.

Plaintiff is not entitled to any damages. In addition, Plaintiff is barred from recovery against Defendant because her alleged injury, if any (which is denied), and any alleged associated damages were solely and proximately caused by the negligent and wrongful acts of Plaintiff. Plaintiff has failed to mitigate her damages, and any alleged damages must be set-off or reduced by any wages, compensation, and any other remuneration or benefits she has received. Moreover, Plaintiff is not entitled to recover punitive damages because she cannot set facts sufficient to prove such a claim.

### 4. STIPULATIONS

To date, Plaintiff and Defendant have not agreed on any stipulations.

## 5. PENDING MOTIONS

Defendant's Motion for Sanctions against Plaintiff was filed on September 19, 2023, Plaintiff's Opposition was filed on October 24, 2023, and Defendant's Reply in Support of its Motion was filed on November 7, 2023.

Defendant's Motion for Summary Judgment on Plaintiff's sole claim is pending before the Court. The Motion for Summary Judgment was filed on December 18, 2023, Plaintiff's Opposition was filed on January 9, 2024, and Defendant's Reply in Support of its Motion was filed on January 23, 2024.

## 6. WITNESSES

a.   List the nonexpert witnesses to be called by each party.  List separately:

(1)   witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff**:

**Defendant**:

- Plaintiff Lauri Littlewood
- Stephanie DiCicco, available through Defendant's counsel.
- John Gatrell, available through Defendant's counsel.
- Jeremy Lawson, available through Defendant's counsel.
- Brent Eastabrooks, available through Defendant's counsel.
- Timothy Vannaman, available through Defendant's counsel.

(2)   witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

**Plaintiff**:

**Defendant**:

- Angella King.
- Joshua Zuieback.

(3)        witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

**Plaintiff**:

**Defendant**: Defendant states that it is possible that certain witnesses' testimony will be presented through deposition versus live testimony, and those individuals include the following:

- Stephanie DiCicco, available through Defendant's counsel.
- John Gatrell, available through Defendant's counsel.
- Timothy Vannaman, available through Defendant's counsel.

b.     List the expert witnesses to be called by each party.  List separately:

(1)        witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff**:

**Defendant**:

- None.

(2)        witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)); and

**Plaintiff**:

**Defendant**:

- Mark B. Bober, CPA/ABV, CVA, CFF, available through Defendant's counsel. Mr. Bober may provide expert testimony regarding Plaintiff's alleged economic loss.

(3)  witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

**Plaintiff**:

**Defendant**:

- None.

*[With each witness' name, set forth (1) the witness' address and telephone number if not previously disclosed, (2) a short statement as to the nature and purpose of the witness' testimony, and (3) whether he or she is expected to testify in person or by deposition.]*

### 7.  EXHIBITS

*[a.  List the exhibits to be offered by each party and identify those to be stipulated into evidence.  This list should be specific enough so that other parties and the court can understand, merely by referring to the list, each separate exhibit which will be offered.  General references such as "all deposition exhibits "or" all documents produced during discovery" are unacceptable.]*

(1)  Plaintiff(s):

(2)  Defendant(s):

- Plaintiff's personnel file
- Plaintiff's employment application
- Defendant's new hire forms on Plaintiff
- Plaintiff's resume(s)
- Plaintiff's offer letter

- Job posting applicable to Plaintiff
- Job description applicable to Plaintiff
- Plaintiff's disciplinary records maintained by Defendant
- Plaintiff's coaching records maintained by Defendant
- Plaintiff's check-ins and performance reviews while employed by Defendant
- Email communications illustrating concerns with Plaintiff's Mindset/Integrity
- Plaintiff's offer letter at Bristol Myers Squibb
- Plaintiff's transcript report regarding training and policy review while employed by Defendant
- Lauri Littlewood Text Messages.
- Complaint for False Claims Act Violations brought by Plaintiff in the United States District Court for the District of Maryland
- Joshua Zuieback's personnel file
- Joshua Zuieback's employment application
- Defendant's new hire forms on Joshua Zuieback
- Joshua Zuieback's resume
- Joshua Zuieback's offer letter
- Job posting applicable to Joshua Zuieback
- Job description applicable to Joshua Zuieback
- Joshua Zuieback's check-ins and performance reviews while employed by Defendant
- Plaintiff's compensation-related documents, including, without limitation, salary adjustments

- Joshua Zuieback's compensation-related documents, including, without limitation, salary adjustments
- Defendant's Incentive Compensation Policy
- Defendant's Compensation-related Policies
- Defendant's Ethics, Risk, and Compliance Policies
- Defendant's Policies on Non-Discrimination, Equal Employment, Investigation of Complaints, and related policies.
- Plaintiff's written discovery responses.
- Expert Report and Rebuttal Report of Mark B. Bober, CPA/ABV, CVA, CFF
- Plaintiff's Complaint.
- Defendant's Answer.

(3)  Other parties:

None.

b.	Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

### 8.  DISCOVERY

Discovery has been completed.

### 9.  SPECIAL ISSUES

Defendant anticipates that pre-trial motions *in limine* may be filed.  Defendant has a Motion for Sanctions (Dkt. No. 73) pending. A ruling on the Motion could potentially impact the types of evidence that can be presented at trial and may also potentially impact jury instructions.

### 10.  SETTLEMENT

a.	Counsel for the parties and any *pro se* party met by telephone on  __N/A_____, 20___, to discuss in good faith the settlement of the case.

b.	The participants in the settlement conference, included counsel, party representatives, and any *pro se* party.

c.	The parties were promptly informed of all offers of settlement.

d.	Counsel for the parties and any *pro se* party *do not* intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any *pro se* party that there is little possibility of settlement.

f. Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. This trial will be a trial by jury.

2. The parties anticipate a five-day jury trial.

3. The trial will be held in Judge Arguello's Courtroom at the Alfred J. Arraj United States Courthouse.

DATED this _____ day of _____, 20_____.

BY THE COURT

_____
United States Magistrate Judge

April 22, 2024                                  Respectfully submitted,

*/s/ M. Scott McIntyre*
M. Scott McIntyre
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati OH 45202-4074
Telephone: (513) 852-2622
Facsimile: (513) 929-0303
Email: smcintyre@bakerlaw.com

*Attorney for Defendant Novartis Pharmaceuticals Corp.*

11

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed with the Court via the CM/ECF system, which will send notice to Plaintiff.

/s/ M. Scott McIntyre
M. Scott McIntyre