IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-2559-CMA-SBP

LAURI LITTLEWOOD,

    Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORP.,

    Defendant.
_____

Civil Action No. 1:22-cv-2688-CNS-SBP

LAURI LITTLEWOOD,

    Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORP.,

    Defendant.
_____

**MINUTE ORDER**
_____

**Susan Prose, United States Magistrate Judge**

    This matter is before this court on the joint motion hearing held in these unconsolidated cases on May 2, 2024, and, specifically, to address the issues as set forth in this court's order of April 22, 2024 (ECF No. 95) concerning Defendant's motion for sanctions (ECF No. 73 in 21-cv-2559; ECF No. 43 in 22-cv-2688). The remainder of the docket entries referred to here are in case number 21-cv-2559.

In the motion hearing, the court confirmed that Ms. Littlewood (who is now pro se) has received the declaration of Michelle Kitchen, an attorney employed by Defendant, that Defendant filed on May 2, 2024. ECF No. 100 and ECF No. 101 (attaching exhibit). Ms. Kitchen states that according to a company vendor, the company iPad provided to Plaintiff had been reset to the factory setting prior to its return by Plaintiff, thereby effectively wiping its contents. Ms. Kitchen attaches the company's policy prohibiting employees from synchronizing personal devices with company-issued devices. ECF No. 101 at 4-24.

The court heard from the parties and Mr. Reynolds, the Defendant's forensic expert from Interhack, who conducted the forensic exam of Plaintiff's iPhone per the court's amended order (ECF No. 70) and of the iCloud backup of Plaintiff's iPhone, per the court's further minute order (ECF No. 72).

The court swore in Mr. Reynolds as a witness, and the court received his testimony on the court's questions. Relating to his first report (ECF No. 73-7): concerning the date that the iPhone retention setting was previously changed (i.e., prior to Ms. Littlewood changing it back around the date of her deposition), Mr. Reynolds does not know of a way to identify the date that the setting was changed. Ms. Littlewood stated that she must have had her son change the setting when the phone became full.

Relating to his second report (ECF No. 73-8), Mr. Reynolds and his staff downloaded and processed the data from "Lauri's iPad" that was backed up to the same iCloud account as Plaintiff's iPhone. Mr. Reynolds could see that the iPad data includes native messages (MMS, SMS, or iMessages) from the time period at issue (Jan. 8, 2020, to Sep. 21, 2021), but consistent with the court's orders that authorized the analysis only as to Plaintiff's iPhone and the backup of

2

it, Mr. Reynolds has not analyzed the iPad's backup data.

Ms. Littlewood explained that her iPad in the iCloud backup was not the company-assigned iPad that was discussed in her deposition. It is a personal iPad that she received as a Christmas gift in December 2020, a few weeks after Defendant terminated her employment. Ms. Littlewood states that she misunderstood the question in her deposition concerning what devices she had used to communicate. She did not use the company-assigned iPad for texting, as it did not have a telephone number assigned to it.

Ms. Littlewood explained that her personal iPad is set to keep text messages forever and would have her text messages for December 26, 2020 forward.

Mr. McIntyre (Defendant's counsel) asserted that this is the first he has heard of Ms. Littlewood having a personal iPad. The court notes the same and that, even if Ms. Littlewood misunderstood the question in the deposition, that did not excuse her from her obligation to provide relevant discovery from her personal iPad.

The court further noted that neither party brought to the court's attention the existence of either iPad, and it was only in the court's reading of Plaintiff's deposition and Mr. Reynolds' reports in preparing an order on Defendant's motion for sanctions that this came to light, many months after the discovery hearing concerning the text messages auto-deleted from Plaintiff's iPhone.

Ms. Littlewood asked why she was responsible for retaining evidence before January 2021, as she was not represented by counsel before then. The court did not fully address that question in the hearing, in part because Defendant could not immediately identify during the hearing which of its requests for production ("RFP") covered that time period. The time period

3

for collection begins a year before Ms. Littlewood filed her OSHA complaint (Jan. 8, 2021) against Defendant because this is the time period established as relevant in ECF No. 70 (amended order) at 2 (citing ECF No. 60-3, Defendant's RFPs 7 and 8, which requested all of Plaintiff's communications relating to this lawsuit or her employment with Defendant, without any date limitation).[1] If she had properly preserved evidence on her iPhone when she filed the OSHA complaint, it would still have had her text messages from one year prior.

Based on the record in ECF and the record developed at the May 2, 2024 hearing, the court now finds that Plaintiff had the obligation to search her personal iPad to respond to Defendant's discovery requests. *See* Rule 26(b)(2)(B) (discussing "reasonably accessible" sources of ESI). Ms. Littlewood has been aware since her deposition in September 2022 that Defendant was specifically requesting the complete text messages at issue, and Defendant moved to compel them (ECF No. 60), specifying the text messages contained on her iPhone.

Plaintiff's failure to timely disclose the existence of the personal iPad or text messages from that device was not harmless. If Ms. Littlewood had timely searched her iPad in responding to (1) Defendant's discovery requests, (2) Defendant's further request for the complete texts leading up to her deposition, (3) Defendant's conferrals before it filed its motion to compel, or (4) at any time since that motion—*which motion to compel the court has already granted*—the need for both the motion to compel and the motion for sanctions likely would have been averted, and there would be no need for this further forensic examination.

---

[1] Ms. Littlewood did not object to ECF No. 70. The court further notes that in her discovery responses, Plaintiff generally objected to the lack of time limit in Defendant's RFPs, but she did not identify that she was withholding any documents from her response to RFP 7 or 8 on that basis. ECF No. 60-3 at 3; Fed. R. Civ. P. 34(b)(2)(C).

Defendant conferred in good faith before filing the motion to compel and the present motions for sanctions.

Ms. Littlewood's failure to search—or even mention the existence of—the iPad until the May 2, 2024 hearing was not substantially justified.

In addition to the obvious opportunity to disclose the iPad in responding to the motion to compel and the present motion for sanctions, the court also gave Ms. Littlewood an opportunity to be heard on this issue at the May 2, 2024 hearing. She offered no good reason why she had not searched or even disclosed that she had a personal iPad. At best, Ms. Littlewood suggested throughout the hearing that her former attorneys did not do a good job of representing her, but this is not persuasive. Ms. Littlewood plainly knew of Defendant's requests for her text messages, and she knew that (in addition to her iPhone), her iPad had (and still has) at least some text messages on it.

Accordingly, the court finds good cause to shift the costs of the further forensic exams to Ms. Littlewood.[2] *See* Fed. R. Civ. P. 26(b)(2)(B) ("The court may specify conditions for the discovery"); Fed. R. Civ. P. 26(c)(1)(B) ("the allocation of expenses"); Fed. R. Civ. P. 37(a)(5)(A) (award of expenses incurred on a discovery motion when the "requested discovery is provided after the motion was filed"). *Cf. Andalib v. JBS USA, LLC*, No. 18-cv-02118-MSK-

---

[2] The court further notes, although not discussed in this hearing, it appears that Ms. Littlewood and perhaps her husband insisted that Interhack not analyze any information beyond what this court's amended order had authorized. ECF No. 81-1 (email of Mr. Reynolds relaying to counsel a telephone conversation of August 30, 2023, with Ms. Littlewood). Had she or her counsel at the time properly complied with her discovery obligations then, and authorized Interhack to analyze the backup of her iPad at the same time as the backup of her iPhone, that cost would have been borne by Defendant.

5

KLM, 2019 WL 6125062, at *1 n.3 (D. Colo. Nov. 19, 2019) (finding under the latter rule that it "is appropriate to shift the costs of obtaining that [forensic] discovery [that located numerous emails the plaintiff had failed to produce], both the cost of the forensic examination itself and the attorney fees incurred by the Defendants in litigating the discovery dispute").

Thus, for the reasons stated on the record during the hearing and in this order, the court orders the following:

- Mr. Reynolds (and his staff) shall analyze the iPad backup data that Interhack downloaded in the process of preparing his second report, to retrieve all native messages (MMS, SMS, and iMessage) from the time period January 8, 2020, to September 21, 2021.
- Plaintiff shall immediately provide her personal iPad to Interhack for extraction of the relevant native messages, as discussed on the record. The cost of this forensic examination shall also be paid by Plaintiff for the same reasons.

On or before **May 9, 2024**, the parties are directed to meet and confer on the search terms to be used for the forensic evaluation of Plaintiff's personal iPad, including the manner in which to expeditiously transmit the iPad to the forensic expert.

On or before **May 22, 2024**, Defendant is directed to provide the court, in a filing, an update relevant to the pending motion for sanctions, including the information derived from the forensic evaluations ordered above, if any. If Ms. Littlewood wishes to respond, she shall file her response by **May 24, 2024**. Ms. Littlewood may wish to register for e-filing or use the Clerk's email address for pro se litigants who are not registered as e-filers. No reply will be permitted absent prior permission.

The court thus grants Defendants' motions for sanctions in part and otherwise takes them under advisement. The court expressly reserves deciding whether it will award any additional sanctions against Ms. Littlewood until after receiving the supplemental materials.[3]

DATED: May 6, 2024

BY THE COURT:

Susan Prose
United States Magistrate Judge

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").